# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

A. RAYMOND TINNERMAN
MANUFACTURING, INC.,
           Plaintiff,

    v.                                                      Case No. 11-C-0987

TECSTAR MFG. COMPANY,
           Defendant.

## DECISION AND ORDER

The present lawsuit involves a dispute between two suppliers of Solyndra LLC, a manufacturer of solar panels that declared bankruptcy in September 2011. The defendant, TecStar Mfg. Company ("TecStar"), manufactured assemblies that Solyndra incorporated into frames for its solar panels. The plaintiff, A. Raymond Tinnerman Manufacturing, Inc. ("Tinnerman"), supplied TecStar with parts for its assemblies. When Solyndra filed for bankruptcy, TecStar cancelled the purchase orders it had placed with Tinnerman. According to the complaint, at the time of the cancellation, TecStar owed Tinnerman $1,722,743.52 for parts that Tinnerman had previously delivered to TecStar, along with $934,882.11 for costs associated with work in progress at the time of the cancellation. When Tinnerman demanded that TecStar pay these amounts, TecStar said that it could not pay Tinnerman until it received payment from Solyndra. TecStar also denied responsibility for some of the costs. Tinnerman responded by filing this lawsuit alleging breach of contract.[1]

---

[1]This court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. The parties do not raise any choice-of-law issues, and so I will apply Wisconsin substantive law. See, e.g., Camp

TecStar answered the complaint, but along with its answer it filed a motion to dismiss the complaint. One of the issues that TecStar raises in this motion is that the parties' contract, which consists of the terms and conditions of TecStar's purchase orders, contains a mediation clause stating that "any claims or disputes . . . will be submitted to non-binding mediation prior to initiation of any formal legal process." (Kolbow Decl., Ex. 1 at ¶ 19, ECF No. 7-1.) The parties agree that Tinnerman did not attempt to submit this dispute to non-binding mediation prior to initiating this lawsuit. Tinnerman, however, argues that mediation would be futile, and that therefore this suit may proceed even though the parties have not engaged in non-binding mediation.

Before proceeding further, I make note of two procedural issues. First, although TecStar filed the present motion as a motion to dismiss the complaint, the motion is more properly characterized as a motion for judgment on the pleadings, since TecStar answered the complaint before filing the motion. <u>See</u> Fed. R. Civ. P. 12(c). Therefore, I will refer to the motion as one for judgment on the pleadings. Second, the mediation clause is not mentioned in the pleadings, and so TecStar has submitted a declaration from one of its officers that identifies the terms and conditions of the relevant purchase orders, which include the mediation clause. Normally, a court cannot consider matters outside the pleadings on a motion for judgment on the pleadings without treating the motion as one for summary judgment and giving the parties a reasonable opportunity to present all material that is pertinent to the motion. <u>See</u> Fed. R. Civ. P. 12(d). However, an exception to this

---

<u>v. TNT Logistics Corp.</u>, 553 F.3d 502, 505 (7th Cir. 2009) (where parties in a diversity case do not raise any choice-of-law issues, federal court applies substantive law of the forum state).

rule allows a court to consider a document that the plaintiff references in the complaint but fails to attach to the complaint, so long as the document is central to the plaintiff's claim and is concededly authentic. See Hecker v. Deere, 556 F.3d 575, 582–83 (7th Cir. 2009). Here, Tinnerman attached the relevant TecStar purchase orders to the complaint and identified those purchase orders as the contracts that are central to its claim. Those purchase orders state that they are "subject to the standard TecStar Purchase Order Terms & Conditions which are attached hereto and incorporated herein." (Compl., Ex. A.) Tinnerman, however, did not attach the referenced terms and conditions to the complaint. When TecStar submitted a copy of those terms and conditions with its motion for judgment on the pleadings, Tinnerman did not question their authenticity. In fact, Tinnerman in its brief acknowledged that the terms and conditions submitted by TecStar are authentic. (See Br. in Opp. at 3, ECF No. 11.) Thus, the terms and conditions qualify for the exception to Rule 12(d) for documents that are referred to in the complaint, central to the plaintiff's claim, and concededly authentic. See also Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002) (stating that the contract at issue in a suit for breach of contract is the kind of document that can be considered on a motion to dismiss or for judgment on the pleadings without treating the motion as one for summary judgment); 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002) (holding that when plaintiff attaches to the complaint a contract stating that it is subject to terms and conditions located on reverse side and those terms and conditions are not also attached to complaint, the court can consider the terms and conditions submitted by defendant in support of its motion to dismiss without treating the motion as one for summary judgment).

3

Turning to the merits of TecStar's motion, I conclude that it must be granted because Tinnerman commenced this lawsuit before the parties engaged in mediation. Tinnerman does not dispute that this lawsuit must be dismissed if the mediation clause applies. Instead, it argues that the mediation clause does not apply because mediation would be futile. Tinnerman points out that when it demanded that TecStar pay the amounts owed, TecStar responded by stating that it would be in no position to make any payment to Tinnerman until the Solyndra bankruptcy had concluded, and that TecStar was not responsible for some of the claimed costs. Tinnerman argues that these statements show that TecStar had no intention of paying Tinnerman's claims, and that therefore mediation would have been futile.

There are at least two problems with Tinnerman's argument. First, Tinnerman does not cite any relevant authority in support of the proposition that a party is excused from complying with a mediation clause in a contract when it appears that mediation would be futile. Tinnerman cites two unpublished cases in support of this proposition, but neither case involved a mediation clause in a contract. The first case, Poindexter v. Kagan, No. 99-0282, 2000 WL 1358124 (Wis. Ct. App. Sept. 21, 2000), involved mediation required by statute in a child-custody matter. In the second case, Stockbridge-Munsee Community v. Oneida Indian Nation of New York, No. 86CV1140, 2003 WL 21715863 (N.D.N.Y. July 24, 2003), a district court simply refused to refer the case to a federal magistrate for mediation because, in his view, mediation would not have been useful. Thus, Tinnerman has not established that the futility of mediation in this case would excuse noncompliance with the mediation clause.

4

The second problem with Tinnerman's argument is that mediation is not futile simply because one party has taken the position that it is not liable. At the outset of almost any legal dispute, the parties will have very different views of the case. The purpose of mediation is to attempt to reach a compromise. Thus, although TecStar responded to Tinnerman's demand letters by stating that it would not pay anything, that does not mean that TecStar would not have changed its position during mediation. Indeed, TecStar seems to concede that it owes Tinnerman something, and TecStar's problem is that it will not have the funds to pay Tinnerman unless it receives payment from Solyndra. It is possible that, with the assistance of a mediator, the parties will be able to work out a payment plan or some other compromise. In any event, the parties' contract requires that they at least try to work out a compromise through mediation, and until that mediation occurs Tinnerman cannot proceed with a lawsuit. Therefore, this lawsuit will be dismissed without prejudice to refiling after the conclusion of mediation.

Accordingly, **IT IS ORDERED** that TecStar's motion for judgment on the pleadings [Docket #6] is **GRANTED** to the extent that this action is dismissed without prejudice to refiling after the conclusion of mediation. **IT IS FURTHER ORDERED** that Tinnerman's motion for partial summary judgment is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 10th day of April 2012.

s/
LYNN ADELMAN
District Judge